UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          15-CV-3582(ARR)(RML)
-------------------------------------------------------X

DANIEL BROWN,

                Plaintiff,          FIRST AMENDED
                                      COMPLAINT
   -against-                         AND DEMAND FOR
                                      A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
BRYAN LEE, SUED
INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                Defendants.

-------------------------------------------------------X

1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of New York City, Kings County, State of New York.

4. At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

FACTS

9. On or about March 27, 2015, at approximately 3:30 P.M., plaintiff was standing on Thomas Boyland Street, outside of Marion Hopkinson Park, which is located a few blocks from his home on Sumpter Street, in Brooklyn, New York.

10. Earlier that day plaintiff had lent his car to a friend Joel Smith.

11. While standing at this location, plaintiff observed that the defendant police officers had stopped his car. Joel Smith was behind the wheel.

12. Plaintiff approached and asked his friend if he was alright. Mr. Smith said yes, and told plaintiff he had his driver's license on him, so not to worry.

13. At that point, a defendant officer asked plaintiff who he was.

14. Plaintiff responded that he was the owner of the car.

15. A defendant officer then proceeded to place handcuffs on defendant, claiming that the temporary plate on the car looked suspicious.

16. Ultimately, the police did not find anything wrong with the plate, but they proceeded to arrest plaintiff anyway, falsely claiming that he had spit on the sidewalk, in violation of NYC Administrative Code §181.03.

17. Plaintiff spent approximately 24 hours in custody before he saw a judge. He accepted an Adjournment in Contemplation of Dismissal (ACD).

18. Defendant City has pursued a policy and custom of deliberate indifference to the rights

of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

19. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

20. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST

21. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

22. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

23. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

24. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR 'MONELL VIOLATION"

25. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

26. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

27. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and 42 U.S.C. §1985; and,

2. Enter a judgment, jointly and severally, against defendants "John Doe" for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants "John Doe" for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
December 3, 2015

**RESPECTFULLY,**

**/s/**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)